IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Trena Bentley,** | Case No. 1:24cv1509 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Karl Dietz, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Trena Bentley filed this *in forma pauperis* civil rights action against Karl Dietz, Pepper Pike Police Chief; Lieutenant Jim Colbert; and Patrolman Jonathan Munn. (Doc. No. 1). The complaint appears to concern action taken by the defendants in connection with Plaintiff's purported arrest in 2018. Plaintiff seeks declaratory, injunctive, and compensatory relief. For the following reasons, Plaintiff's complaint is dismissed.

## I. Background

Plaintiff's complaint consists of convoluted claims and conclusory allegations, and it lacks clear factual details. As best the Court can discern, the complaint concerns her apparent arrest in 2018. Plaintiff alleges that Defendant Police Chief Karl Dietz and the Pepper Pike Police Department "orchestrated a malicious campaign" against her and fabricated evidence and charges against her, which ultimately resulted in a "wrongful indictment," arrest, and subsequent "legal and personal hardships." (Doc. No. 1 at 6, 10). She contends that Chief Dietz "falsely claimed that Plaintiff … was arrested for stealing a check from the mail." (*Id.* at 6). She claims that Chief Dietz instructed Lieutenant Colbert to email fraudulent documentation concerning her July 2018 arrest

to Plaintiff, which "further implicat[ed] her in the alleged crimes without basis." (*Id.* at 7). She further claims that Chief Dietz falsely portrayed Plaintiff as a criminal on Channel 19 News. (*Id.*).

Plaintiff alleges that the defendants' actions constitute a violation of her First, Fifth, and Fourteenth Amendment (Due Process) rights. She also alleges state law claims of malicious prosecution, fraud, and defamation. And she claims the defendants' actions constituted a conspiracy under "Ohio Federal Law." (*Id.* at 11).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2) pursuant to 28 U.S.C. § 1915. The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Upon review, the Court finds that Plaintiff's federal claims must be dismissed. Plaintiff's complaint purports to assert claims calling into question the validity of her criminal conviction. However, Plaintiff cannot collaterally attack her criminal conviction in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. An individual may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct.

1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Although Plaintiff's complaint contains very few facts, it is evident that she is challenging the validity of a conviction arising from an arrest in July 2018. Upon review, the Court notes that Plaintiff was arrested on July 12, 2018, and she pleaded guilty to a charge of theft/aggravated theft in Cuyahoga County Court of Common Pleas, Case No. CR-18-633996. Additionally, the Court takes notice of its own docket and notes that on July 2, 2019, Plaintiff was charged with making a false statement, mail fraud, and bank fraud. On June 27, 2022, Plaintiff pleaded guilty to making a false statement and she was sentenced on October 25, 2022. *See United States v. Bentley*, No. 1:19-CR-00389 (N.D. Ohio Oct. 25, 2022) (Boyko, J.).

Plaintiff's complaint appears related to one or both convictions noted above. Regardless of the case, however, Plaintiff's claims in this complaint concerning her conviction(s) necessarily imply the invalidity of her conviction(s) in her criminal case(s). And there is no suggestion in the complaint that her conviction (or convictions) has been set aside or invalidated in any of the ways articulated in *Heck*. Plaintiff's complaint therefore alleges no cognizable civil rights claim and dismissal of her case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486-87; *see also Clements v. Brimfield Twp.*, No. 1:12 CV 1180, 2012 U.S. Dist. LEXIS 162598, at *28 (N.D. Ohio Nov. 14, 2012) (finding the plaintiff's false arrest claims would call into question the validity of his conviction and are therefore barred by *Heck*).

To the extent that Plaintiff is asserting any state law claims, the Court declines to exercise jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity [ ... ]." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may have asserted.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action (Doc. No. 1) pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                                                        s/*Pamela A. Barker*
                                                                                        PAMELA A. BARKER
Date: December 5, 2024                             U. S. DISTRICT JUDGE